Carol Green von Kaul, Esq. (*Pro Hac Vice*)
  cgreen@vonkaul.legal
Carol Green von Kaul, P.A.
201 S. Biscayne Blvd., 28th Floor
Miami, FL 33131

Dariush G. Adli, Esq., SBN 204959
  adli@adlilaw.com
Ani Martirosian, Esq., SBN 321046
  ani.martirosian@adlilaw.com
ADLI LAW GROUP P.C.
12400 Wilshire Blvd, Suite 1460
Los Angeles, California 90025
Telephone: (213) 623-6546
Facsimile: (213) 623-6554

Attorneys for Plaintiffs
SUZETTE A. KELLY and SARAHI FASHION HOUSE, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZETTE A. KELLY, an individual; and SARAHI FASHION HOUSE, INC., a _Florida corporation,<br><br>*Plaintiffs,*<br><br>v.<br><br>FASHION NOVA, LLC, a California corporation,<br><br>*Defendant.* | Case No. 2:23-cv-02360-JAK(RAOx)<br><br>*[Assigned for all purposes to the Honorable John A. Kronstadt.]*<br><br>**THIRD AMENDED COMPLAINT** |

Plaintiffs Suzette A. Kelly, an individual, and SARAHI FASHION HOUSE, INC., a Florida corporation, by and through the undersigned, complain and allege as follows against Defendant FASHION NOVA, INC. ("**Fashion Nova**"):

1

**PLAINTIFFS' THIRD AMENDED COMPLAINT**

ADLI LAW GROUP, P.C.
(213) 623-6546

3270.201

**THE PARTIES**

1.      Suzette Kelly is a fashion designer who pioneered and designed the innovative and unique patented jeans for which the United States Patent and Trademark Office ("**USPTO**") issued U.S. Patent No. US D674,991 (the **"'991 Patent" or the "V-Cut Jeans"**), and U.S. Patent No. US D686,800 (the **"'800 Patent" or the "C-Cut Jeans"**) ("collectively the "Asserted Patents") that are the subject matter of this litigation.

2.      Sarahi Fashion House, Inc. ("Sarahi') is a corporation organized under the laws of the State of Florida, with its principal place of business located at 1815 McKinley Street, #6, Hollywood, FL 33020, for which Suzette Kelly is the President.

3.      Plaintiff Sarahi markets and sells Plaintiff Kelly's clothing designs, including but not limited to the patented jeans that are part of Plaintiff Sarahi's Jeans Curves, and Signature Collections, the subject matter of the within action.

4.      Upon information and belief, Fashion Nova is a corporation organized and existing under the laws of the State of California with its principal place of business at 6600 Topanga Canyon Blvd, Suite 2012, Los Angeles, CA 91303.

5.      Upon information and belief, Fashion Nova is an online clothing retailer that markets and sells "fast fashion," including the V-Cut and C-Cut Jeans that embody the designs shown and described in the Asserted Patents (collectively the "Accused Products"), which are manufactured by various vendors, labelled, packaged and resold as Fashion Nova's goods on its www.FashionNova.com website.

**NATURE OF THE ACTION**

6.      This is a civil action for infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

7.      Fashion Nova has infringed the '991 Patent and the '800 Patent and continues to infringe both Asserted Patents. A true and correct copy of the Asserted Patents are attached hereto as **Exhibit A,** and **Exhibit B**, respectively.

8.      Suzette Kelly is the legal owner of the Asserted Patents, which were duly and legally issued by the USPTO. Plaintiffs seek injunctive relief and monetary damages.

ADLI LAW GROUP, P.C.

(213) 623-6546

2

3270.201

**JURISDICTION AND VENUE**

9.     This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15 U.S.C. §§ 1114 and 1125.

10.     This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. 1367, in that the facts underlying the state claims are so related to the patent and trademark claims that they form part of the case or controversy under Article III of the United States Constitution.

11.     Upon information and belief, this Court has personal jurisdiction over Fashion Nova in this action because Fashion Nova has committed acts within this district giving rise to this action and Fashion Nova's principal place of business is located within this district.

12.     Venue is proper in this district under 28 U.S.C. § 1400(b) at least because the Defendant has committed acts of infringement in this district. On information and belief, Fashion Nova sold the infringing jeans in this district.

13.     All conditions precedent to this action have been performed, satisfied, or waived.

**FACTUAL BACKGROUND**

14.     Sarahi's founder, Suzette Kelly, is the fashion designer who pioneered, and designed the innovative and unique V-Cut and C-Cut Jeans.

15.     Both the V-Cut and C-Cut Jeans were issued design patents, i.e.:

ADLI LAW GROUP, P.C.
(213) 623-6546

**PLANTIFFS' THIRD AMENDED COMPLAINT**

3270.201

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15  V-Cut Jeans ('991 Patent)

16

17

18

19

20

21

22

23

24

25

26

27

28



FIG. 2

**PLANTIFFS' THIRD AMENDED COMPLAINT**

ADLI LAW GROUP, P.C.

(213) 623-6546

3270.201





C-Cut Jeans ('800 Patent).

**Fashion Nova's Infringing Sales of V-Cut and C-Cut Jeans**

16.     At all material times, Fashion Nova markets and sells clothing from various designers labelled as its own on Fashion Nova's website, www.FashionNova.com.

17.     In 2013, after the Asserted Patents were secured, Plaintiffs reached out to Fashion Nova to have Fashion Nova market and sell the patented jeans from Plaintiff Sarahi's "Jeans Curves" and "Signature Collections" on Fashion Nova's website www.FashionNova.com.

18.     Fashion Nova did not respond to the request, but upon information and belief instead launched its own "**Fashion Nova Curves Collection**" in 2016 comprising of jeans, pants, and shorts for curvy full-figured women.

19.     By 2017, Fashion Nova had secured a sizeable market share in online sales for trendy clothing in the jeans market. As such, Plaintiffs seeking to expand sales and increase their online presence, thought it would be a sound marketing strategy to partner with Fashion Nova. Towards that end, in 2017 Plaintiff Sarahi forwarded a written proposal/request for Fashion Nova to market

5

**PLAINTIFFS' THIRD AMENDED COMPLAINT**

ADLI LAW GROUP, P.C.
(213) 623-6546

3270.201

the patented jeans on Fashion Nova's website www.FashionNova.com. *See* Composite Exhibit C. The communication included copies of the Asserted Patents from Plaintiff Sarahi's Jeans Curves and Signature Collections, which disclosed the V-Cut, and C-Cut Jeans design details. *See* **Exhibit "A"** - **Exhibit "C."** Fashion Nova failed to respond to the proposal.

20.    Upon information and belief, instead of developing its own designs, Fashion Nova willfully copied and duplicated the designs embodied in the Asserted Patents, and offered the same V-Cut and C-Cut Jeans for sale on its www.FashionNova.com website, which are, and continue to be hot sellers.

21.    Fashion Nova infringed and continues to infringe Plaintiff Kelly's Asserted Patents through the offering to sell and selling of the V-Cut Jeans on Fashion Nova site: www.FashionNova.com.

22.    Fashion Nova infringed and continues to infringe Plaintiff Kelly's Asserted Patents through the offering to sell and selling of the C-Cut Jeans on Fashion Nova site: www.FashionNova.com.

## FIRST CAUSE OF ACTION

## Infringement of Patent No. US D674,991 ("V-Cut Jeans")

23.    Plaintiffs re-allege and incorporate by reference each of the allegations in paragraphs 1 - 22 as though fully set forth herein.

24.    Plaintiff Kelly is the current exclusive owner of all rights, title, and interest in and to '991 Patent titled "JEANS" duly and legally issued by the USPTO on January 29, 2013, including the right to bring this suit for damages. A true and correct copy of the '991 patent is attached hereto as **Exhibit A**.

25.    The '991 Patent is valid and enforceable.

26.    Defendant has directly infringed the '991 Patent by making, offering for sale, and selling within the United States, without authority, jeans that are covered by the claim of the '991 Patent.

27.    As a non-limiting example, Defendant has infringed claim 1 of the '991 Patent.

ADLI LAW GROUP, P.C.

(213) 623-6546

**PLANTIFFS' THIRD AMENDED COMPLAINT**

3270.201

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ADLI LAW GROUP, P.C.

(213) 623-6546





'991 Patent                    Sarahi V-Cut Jeans          Fashion Nova jeans





'991 Patent                    Sarahi V-Cut Jeans          Fashion Nova jeans

**PLAINTIFFS' THIRD AMENDED COMPLAINT**

3270.201

ADLI LAW GROUP, P.C.

(213) 623-6546

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





‘991 Patent                    Sarahi V-Cut Jeans            Fashion Nova jeans









‘991 Patent                    Sarahi V-Cut Jeans            Fashion Nova jeans

8

3270.201



| ‘991 Patent | Sarahi V-Cut Jeans | Fashion Nova jeans |

28.     Upon information and belief, Fashion Nova has infringed and continues to infringe the ‘991 Patent through its offering for sale, and selling of the V-Cut Jeans.

29.     Fashion Nova denies manufacturing the V-Cut Jeans and instead identifies Vibrant, and Kan Can as manufacturers of the Accused Products sold on Fashion Nova's website: www.fashionnova.com.

30.     The jeans sold on Fashion Nova's website are so close and similar to the design of the ‘991 Patent that an ordinary observer wouldn't be able to tell the difference between the patented design and jeans sold by Fashion Nova and would be induced to purchase Fashion Nova's jeans believing the designs to be the same.

31.     Fashion Nova has had actual knowledge of both Plaintiff Kelly's rights in the ‘991 Patent and details of Fashion Nova's infringement of the ‘991 Patent because Plaintiff Kelly brought the ‘991 Patent to Fashion Nova's attention before the filing date of this Complaint, at least on or about June 18, 2019, when a letter dated June 18, 2018 [*sic*] was issued to Fashion Nova concerning its' unauthorized making, selling, and/or offering for sale of the V-Cut Jeans. *See* **Exhibit "D."**

**PLANTIFFS' THIRD AMENDED COMPLAINT**

32.     Fashion Nova is not and has never been licensed or otherwise authorized by Plaintiff Kelly to practice the '991 Patent.

33.     Defendant has gained profits by virtue of their infringement of the V-Cut Jeans.

34.     By reason of Defendant's infringing activities, Plaintiffs have suffered substantial damages in an amount to be proven at trial.

35.     As a result of Defendant's infringement, Plaintiffs have been damaged in an amount yet to be determined that is equal to the loss of profits that would otherwise have accrued to Plaintiffs from providing the patented jeans to Defendant, but in no event less than a reasonable royalty.

36.     Defendant's knowing and continuing acts of infringement have caused irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law and will continue to suffer such irreparable injury unless Defendant's acts of infringement are enjoined by the Court.

37.     Defendant's infringement of the '991 Patent have been and continues to be willful, deliberate, and malicious justifying a trebling of damages under 35 U.S.C. § 284, and an award of attorney's fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

38.     Plaintiffs have also sustained damages as a direct and proximate result of Defendant's infringement of the V-Cut Jeans in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**Infringement of Patent No. US D686,800 ("C-Cut Jeans")**

39.     Plaintiffs re-allege and incorporate by reference each of the allegations in paragraphs 1-22 as though fully set forth herein.

40.     Plaintiff Kelly is the current exclusive owner of all rights, title, and interest in and to '800 Patent titled "JEANS" duly and legally issued by the USPTO on July 30, 2013, including the right to bring this suit for damages. A true and correct copy of the '800 Patent is attached hereto as **Exhibit B**.

41.    The '800 Patent is valid and enforceable.

42.    Defendant has directly infringed the '800 Patent by making, offering for sale, and selling within the United States, without authority, jeans that are covered by the claim of the '800 Patent.

43.    As a non-limiting example, Defendant has infringed the '800 Patent.







'800 Patent                    Sarahi's C-Cut Jeans              Fashion Nova's jeans

**PLANTIFFS' THIRD AMENDED COMPLAINT**

ADLI LAW GROUP, P.C.

(213) 623-6546

3270.201

ADLI LAW GROUP, P.C.

(213) 623-6546

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



'800 Patent                Sarahi's C-Cut Jeans          Fashion Nova's jeans




'800 Patent                Sarahi's C-Cut Jeans          Fashion Nova's jeans

**PLANTIFFS' THIRD AMENDED COMPLAINT**

3270.201

44.    Upon information and belief, Fashion Nova has infringed and continues to infringe the '800 Patent through its offering for sale and selling of the C-Cut Jeans.

45.    Fashion Nova denies manufacturing the Accused Products and instead identifies Vibrant, and Kan Can as manufacturers of the Accused Products sold on Fashion Nova's website: www.fashionnova.com.

46.    The jeans sold on Fashion Nova's website are so close and similar to design of the '800 Patent that an ordinary observer wouldn't be able to tell the difference between the patented design and jeans sold by Fashion Nova and would be induced to purchase Fashion Nova's jeans believing the design to be the same.

47.    Fashion Nova has had actual knowledge of both Plaintiff Kelly's rights in the '800 Patent and details of Fashion Nova's infringement of the '800 Patent because Plaintiff Kelly brought the '800 Patent to Fashion Nova's attention before the filing date of this Complaint, at least on or about June 18, 2019, when a letter dated June 18, 2018 [*sic*] was issued to Fashion Nova concerning its unauthorized making, selling, and/or offering for sale of the C-Cut Jeans. *See* **Exhibit "D."**

48.    Fashion Nova is not and has never been licensed or otherwise authorized by Sarahi to practice the '800 Patent.

49.    Defendant has gained profits by virtue of their infringement of the C-Cut Jeans.

50.    By reason of Defendant's infringing activities, Plaintiffs have suffered substantial damages in an amount to be proven at trial.

51.    As a result of Defendant's infringement, Plaintiffs have been damaged in an amount yet to be determined that is equal to the loss of profits that would otherwise have accrued to Plaintiffs from providing the patented jeans to Defendant, but in no event less than a reasonable royalty.

52.    Defendant's knowing and continuing acts of infringement have caused irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law and will

ADLI LAW GROUP, P.C.
(213) 623-6546

3270.201

ADLI LAW GROUP, P.C.

(213) 623-6546

1   continue to suffer such irreparable injury unless Defendant's acts of infringement are

2   enjoined by the Court.

3       53.    Defendant's infringement of the '800 Patent has been and continues to be

4   willful, deliberate, and malicious justifying a trebling of damages under 35 U.S.C. § 284,

5   and an award of attorney's fees and expenses incurred in prosecuting this action under 35

6   U.S.C. § 285.

7       54.    Plaintiffs have also sustained damages as a direct and proximate result of

8   Defendant's infringement of the C-Cut Jeans in an amount to be proven at trial.

9                                **THIRD CAUSE OF ACTION**

10   **False Designation of Origin, False Description and Dilution — 15 U.S.C. § 1125(a)**

11

12      55.    Plaintiffs re-allege and incorporate by reference each of the allegations in

13   paragraphs  1-54 as though fully set forth herein.

14      56.    Plaintiff Sarahi markets and sells Plaintiff Kelly's clothing designs under the

15   "*SARAHI*," trademark (the "Mark"), which has acquired a level of distinctiveness, fame, and

16   goodwill over the years based on the continuous use of the Mark as a source identifier for

17   the V-Cut and C-Cut Jeans. As such, use of the Mark for the advertising and sale of clothing

18   by any other person and/or entity requires permission and authority.

19      57.    Fashion Nova is neither the owner of the trademarks, nor do they have any

20   rights in the Mark.

21      58.    Notwithstanding, Fashion Nova has misappropriated Plaintiff's trademarks

22   and currently market, offer to sell, and sell its clothing using the "*SARAHI*" mark on its

23   www.fashionnova.com website.

24      59.    Fashion Nova uses the "*SARAHI*" mark to falsely advertise, market and sell

25   its clothing designs, and simultaneously uses confusingly similar marks, including e.g.,

26   *"Sarah," "Saraiah," "Sarai," "Sarah," "Sarabi."*

27   / / /

28   / / /

                                            14
                        **PLANTIFFS' THIRD AMENDED COMPLAINT**

3270.201

1
2
3
4
5
6
7
8
9
10
11



12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



ADLI LAW GROUP, P.C.

(213) 623-6546

**PLANTIFFS' THIRD AMENDED COMPLAINT**

3270.201





16

**PLANTIFFS' THIRD AMENDED COMPLAINT**

ADLI LAW GROUP, P.C.

(213) 623-6546

3270.201







ADLI LAW GROUP, P.C.
(213) 623-6546

17

3270.201

ADLI LAW GROUP, P.C.

(213) 623-6546

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





**PLANTIFFS' THIRD AMENDED COMPLAINT**

3270.201

1

2

3

4

5

6

7

8

9

10

11



12

13

14

15

16

17

18

19

20

21

22

23

24



25

26

27

28

ADLI LAW GROUP, P.C.
(213) 623-6546

3270.201





**PLANTIFFS' THIRD AMENDED COMPLAINT**

ADLI LAW GROUP, P.C.

(213) 623-6546

3270.201

ADLI LAW GROUP, P.C.

(213) 623-6646

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





**PLANTIFFS' THIRD AMENDED COMPLAINT**

3270.201





**PLANTIFFS' THIRD AMENDED COMPLAINT**

ADLI LAW GROUP, P.C.

(213) 623-6546

3270.201





ADLI LAW GROUP, P.C.

(213) 623-6546

23

**PLANTIFFS' THIRD AMENDED COMPLAINT**

60.    Upon information and belief, Fashion Nova has encoded the software supporting its www.fashionnova.com website to optimize and divert traffic for searches for the "*SARAHI*" mark and any similar variations thereof to lead them to its website, to its sole financial gain and benefit, and to the detriment of Plaintiffs.

61.    Fashion Nova's use of the mark on its www.fashionova.com website reveals a calculated deceptive marketing ploy of specifically targeting and capturing the attention of consumers to confuse them as to the source of origin of Plaintiffs' clothing.

62.    Fashion Nova acted willfully and intentionally with full knowledge of Plaintiffs' prior superior rights in the "*SARAHI*" mark.

63.    Fashion Nova's incorrect and unauthorized use of Plaintiffs' marks dilutes their goodwill, falsely represents an (non-existent) association with Plaintiffs, such practices are unlawful, unfair, deliberate, willful, intentionally misleading and deceptive.

64.    Fashion Nova's use of Plaintiffs' "*SARAHI*" mark is likely to cause confusion as to the source of Fashion Nova's jeans, its Curves Collection, and/or other clothing designs, and, is likely to cause others to be confused or mistaken into believing that: (a) Plaintiffs have authorized Fashion Nova to use the Asserted Patents; (b) there is a relationship between Fashion Nova and Plaintiffs; and/or (c) Fashion Nova's jeans and its Curves Collection are affiliated with, or sponsored/endorsed by Plaintiffs. Fashion Nova's history of collaborating with popular brands and fashion designers to promote and sell on its www.fashionNova.com website further heightens the risk of consumer confusion.

65.    Fashion Nova's misuse of confusingly similar marks to the "*SARAHI*" mark is likely to dilute the distinctiveness and value of Plaintiffs' Mark.

66.    The above-described acts and practices by Fashion Nova are likely to mislead and deceive the general public and are in violation of 15 U.S.C. § 1125(a) and dilution under 15 U.S.C. § 1125(c).

67.    The unlawful, unfair, and fraudulent business practices of Fashion Nova described above present a continuing threat to the public in that Fashion Nova continues to

promote its jeans and curve collection by wrongfully trading on the goodwill of the Plaintiffs' Mark.

68.    As a direct and proximate result of these acts, Fashion Nova has received, and will continue to profit from Plaintiff's intellectual property. As a direct and proximate result of Fashion Nova's wrongful conduct, Plaintiffs have been injured in fact, and such harm will continue unless Fashion Nova's acts are enjoined by the Court. Plaintiffs have no adequate remedy at law for Fashion Nova's continuing violation of Plaintiffs' rights.

69.    Fashion Nova's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and is thus damaged in an amount not yet determined.

**FOURTH CAUSE OF ACTION**

**(Federal Trademark Infringement Under Lanham Act)**

70.    Plaintiffs re-allege and incorporate by reference each of the allegations in the foregoing paragraphs 1-69 as though fully set forth herein.

71.    Plaintiff Sarahi is the registered owner of U.S. Trademark Registration, No. 6996681 for "*SARAHI,*" issued on March 7, 2023 *for "clothing, namely, coats, jackets, dresses, bodysuits, skirts, shorts, pants, shirts, t-shirts, and jeans."* **Exhibit "E."**

72.    Fashion Nova's use of the Mark and confusingly similar marks, e.g., *"Sarah," "Saraiah," "Sarai," "Sarah," "Sarabi,"* to sell clothing, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Fashion Nova's goods are manufactured or distributed by Plaintiff Sarahi, or associated and/or connected with Plaintiff Sarahi, and/or have the sponsorship, endorsement or approval of Plaintiff Sarahi.

73.    Fashion Nova's unauthorized use of the Mark and confusingly similar marks are in violation of 15 U.S.C. § 1114. Fashion Nova's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of

ADLI LAW GROUP, P.C.

(213) 623-6546

**PLANTIFFS' THIRD AMENDED COMPLAINT**

3270.201

members of the trade and public, and additionally, injury to Plaintiff Sarahi's goodwill and reputation, for which Plaintiff Sarahi has no adequate remedy at law.

74.     Notwithstanding Plaintiffs claims against Fashion Nova for its' misuse of Plaintiff's trademark as set forth in Plaintiffs' Second Amended Complaint (Dkt. 9), and Plaintiffs cease and desist letter (*See* **Exhibit "F"**), Fashion Nova still persists in the unlawful infringement of Plaintiff's Mark.

75.     Fashion Nova's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff Sarahi's federally registered trademark to Plaintiffs' great and irreparable harm.

76.     Fashion Nova caused and is likely to continue causing substantial injury to the public and to Plaintiff Sarahi, and Plaintiff Sarahi is entitled to permanent injunctive relief and to recover Sarahi's profits, actual damages, enhanced profits and damages, costs and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**FIFTH CAUSE OF ACTION**

**(Unjust Enrichment)**

77.     Plaintiffs re-allege and incorporate by reference each of the allegations in the foregoing paragraphs 1-76 as though fully set forth herein.

78.     As a result of Fashion Nova's procurement of Plaintiffs' proprietary and patented innovative designs, Plaintiffs conferred a benefit, including but not limited to a financial and/or economic benefit to Fashion Nova.

79.     Fashion Nova is aware of those benefits, accepted the benefits, and based on its' respective conduct continues to gain further benefits from commercial exploitation of the Plaintiffs' Asserted Patents.

80.     Fashion Nova has retained the benefits and has been enriched by these benefits, yet Fashion Nova has not compensated the Plaintiffs, and has no intention of compensating Plaintiffs for the same, to the detriment of Plaintiffs.

**PLAINTIFFS' THIRD AMENDED COMPLAINT**

ADLI LAW GROUP, P.C.

(213) 623-6546

3270.201

81.     At all material times it would be inequitable for Fashion Nova to retain these benefits and/or allow them to retain these benefits and to continue to be unjustly enriched therefrom.

82.     As a result of the conduct alleged herein, Fashion Nova has been unjustly enriched to Plaintiffs' detriment, including but not limited to economic loss, and loss of future opportunities. Plaintiffs therefore seek an accounting and disgorgement of all ill-gotten gains and profits resulting from Fashion Nova's inequitable activities.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request the following relief:

A. A judgment that Fashion Nova has infringed, and is infringing each and every one of the Asserted Patents;

B. A judgment that Fashion Nova has infringed, and is infringing Plaintiff's registered trademark, "*SARAHI*";

C. A permanent injunction against Fashion Nova, its' respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from infringement, of each and every one of the Asserted Patents, including but not limited to an injunction against making, selling, and/or offering for sale within the United States, and/or importing into the United States, any products and/or services that infringe the Asserted Patents;

D. A permanent injunction against Fashion Nova, its respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from infringement, of Plaintiff's Mark;

E. Recovery of disgorgement of total profits made by Defendant's infringement of the Asserted Patents for the statutory period;

F. A reasonable royalty for each Defendant's use of Sarahi's patented jeans, as alleged herein;

ADLI LAW GROUP, P.C.
(213) 623-6546

3270.201

G. Prejudgment interest;

H. Post-judgment interest;

I. A judgment holding Fashion Nova's infringement of the Asserted Patents to be willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

J. A declaration that this action is exceptional pursuant to 35 U.S.C. § 285, and an award to Plaintiffs of their attorneys' fees, costs and expenses incurred in connection with this action; and

K. Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

CAROL GREEN VON KAUL, P.A.

Dated: September 13, 2023        By:  /s/ Carol Green von Kaul
                                      Carol Green von Kaul, Esq. (*Pro Hac Vice*)
                                      *Attorneys for Plaintiffs,*
                                      SUZETTE A. KELLY and SARAHI
                                      FASHION HOUSE, INC.

ADLI LAW GROUP, P.C.

Dated: September 13, 2023        By:  /s/ Dariush G. Adli
                                      Dariush G. Adli
                                      Ani Martirosian
                                      *Attorneys for Plaintiffs,*
                                      SUZETTE A. KELLY and SARAHI
                                      FASHION HOUSE, INC.

ADLI LAW GROUP, P.C.
(213) 623-6546

**PLANTIFFS' THIRD AMENDED COMPLAINT**

3270.201