**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUZETTE KELLY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FASHION NOVA, INC.,<br><br>　　　　Defendant. | Case No. CV 23-02360-JAK (RAOx)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [101] |

This Report and Recommendation ("Report") is submitted to the Honorable John A. Kronstadt, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I. INTRODUCTION

On August 31, 2023, Defendant Fashion Nova, LLC ("Fashion Nova") filed a Motion for Sanctions for Spoliation of Evidence and to Strike Deposition Testimony in Errata Sheet ("Motion"). Dkt. No. 101. Fashion Nova contends that Plaintiffs Suzette E. Kelly ("Kelly") and Sarahi Fashion House, Inc. ("Sarahi") (together "Plaintiffs") deleted four YouTube videos identified by Fashion Nova as evidence. *Id.* at 2. Fashion Nova also moves to strike an errata sheet for Kelly's deposition. *Id.*

The Motion is accompanied by a Local Rule 37-2 Joint Stipulation, Dkt. No. 101-1, a Declaration of Justin M. Sobaje ("Sobaje Declaration") and exhibits, Dkt. Nos. 101-2 through 101-30, a Declaration of Carol Von Kaul ("Von Kaul Declaration") and exhibits, Dkt. Nos. 101-31 through 101-38, and a Declaration of Suzette A. Kelly ("Kelly Declaration"), Dkt. No. 101-39. Fashion Nova filed a Supplemental Memorandum on October 11, 2023. Dkt. No. 131. On October 20, 2023, Plaintiffs filed an untimely Supplemental Declaration of Suzette A. Kelly ("Kelly Supplemental Declaration"). Dkt. No. 142. A hearing was held on the Motion on October 25, 2023. Dkt. No. 148.

Having considered the parties' briefing and counsel's arguments at the October 25, 2023 hearing, for the reasons set forth below, the Court recommends that Fashion Nova's Motion be granted in part as to the request for sanctions and denied as to the request to strike as set forth below.

## II. BACKGROUND

### A. Procedural Background

Kelly initiated this lawsuit in the Southern District of Florida on September 13, 2021. Dkt. No. 1. Plaintiffs filed a Second Amended Complaint on June 9, 2022.[1] Dkt. No. 9. The presiding district judge set a case schedule, including deadlines for filing a joint claim construction and prehearing statement and other claim construction briefing. Dkt. No. 33.

On March 29, 2023, the case was transferred to this district. Dkt. No. 64. District Judge Kronstadt issued an Order Setting Pretrial Deadlines on May 5, 2023. Dkt. No. 94. On September 1, 2023, Fashion Nova filed a motion for summary judgment. Dkt. No. 102.

///

---

[1] There is no First Amended Complaint filed on the docket. According to Plaintiffs, Kelly attempted to file a First Amended Complaint on April 20, 2022, which was procedurally defective and excluded from the docket. See Dkt. No. 62-1 at 5-6.

On September 7, 2023, Judge Kronstadt granted in part Plaintiffs' motion for leave to file an amended complaint. Dkt. No. 115. Plaintiffs filed their Third Amended Complaint on September 13, 2023. Dkt. No. 119. Fashion Nova withdrew its September 1, 2023 motion for summary judgment, Dkt. No. 122, and, on September 27, 2023, filed its First Amended Counterclaim and Answer, Dkt. Nos. 123, 124. On September 28, 2023, Fashion Nova filed a motion for summary judgment, which is currently pending. Dkt. Nos. 127-128.

## B. Allegations of Operative Pleadings

This is a patent and trademark infringement case. *See generally* Third Am. Compl. ("TAC"), Dkt. No. 119. The two design patents at issue are U.S. Patent No. US D674,991 for "V-Cut Jeans" and U.S. Patent No. US D686,00 for "C-Cut Jeans." *Id.* ¶ 1. The trademark at issue is U.S. Trademark Registration No. 6996681 for "SARAHI," issued on March 7, 2023. *Id.* ¶ 71.

Kelly is the president Sarahi. *Id.* ¶ 2. In 2013, after securing the patents at issue, Plaintiffs reached out to Fashion Nova to have Fashion Nova market and sell patented jeans from Sarahi's "Jeans Curves" and "Signature Collections." *Id.* ¶ 17. Fashion Nova did not respond, but launched its own "Fashion Nova Curves Collection" in 2016, which included jeans. *Id.* ¶ 18. Towards the end of 2017, Sarahi forwarded a written proposal to Fashion Nova to market the patented jeans. *Id.* ¶ 19. Fashion Nova failed to respond. *Id.* Plaintiffs allege that Fashion Nova willfully copied and duplicated the designs embodied in the asserted patents, and offered the same V-Cut and C-Cut jeans for sale on its website. *Id.* ¶ 20. Plaintiffs further allege that Fashion Nova has misappropriated Plaintiffs' "SARAHI" trademarks and uses confusingly similar marks on its website. *Id.* ¶¶ 56-59.

Fashion Nova filed counterclaims for declaratory judgments of patent invalidity, unenforceability, and non-infringement. *See generally* First Am. Counterclaim, Dkt. No. 123.

///

**C.      Identification of YouTube Videos at Issue**

On January 10, 2023, the parties filed their Joint Claim Construction and Prehearing Statement. Dkt. No. 45. In that statement, Plaintiffs identified a YouTube video with the link https://youtu.be/C_olwYrT3QI as evidence to support their proposed construction of the claims in the patents. *See id.*, Ex. A at 6, 9. Counsel for Fashion Nova followed the link for that video and found a YouTube channel associated with Sarahi Jeans: https://www.youtube.com/@SarahiJeans. Joint Stip. at 8; Sobaje Decl., Ex. 17. On January 12, 2023, counsel for Fashion Nova viewed five additional YouTube videos on the Sarahi Jeans YouTube channel. Sobaje Decl. ¶ 30. The titles and then-associated links for the five videos are as follows:

- SarahiJeans Promo!: https://www.youtube.com/watch?v=yEqnyoo-XX8 ("Video 1")
- Sarahi Jeans Ad_1.mp4: https://www.youtube.com/watch?v=kg4vcufmAx4 ("Video 2")
- Sarahi Jeans Signature.mp4: https://www.youtube.com/watch?v=QoqqcrUecU0 ("Video 3")
- Sarahi Jeans 1: https://www.youtube.com/watch?v=NxZpAtfkITw ("Video 4")
- Sarahi Jeans: https://www.youtube.com/watch?v=xY_q2V_5gcI ("Video 5")

*Id.* Counsel remembers that the videos showed women wearing jeans identified as Sarahi's jeans apparently offered for sale. *Id.* ¶ 31. Counsel for Fashion Nova also remembers that as of January 2023, Videos 2, 3, 4, and 5 were identified on the YouTube website as being more than 11 years old, and at least one or more of these four videos showed women wearing Sarahi jeans in one or more locations that appeared to be public locations. *Id.* ¶¶ 32, 33.

On January 12, 2023, counsel for Fashion Nova sent an email to counsel for Plaintiffs identifying Videos 1 through 5 with their titles and links and stating that Fashion Nova intends to use the videos as extrinsic evidence. Sobaje Decl., Ex. 4.

On January 17, 2023, Fashion Nova filed its Rebuttal Claim Construction Expert Disclosure, which supplemented its list of extrinsic evidence with the five YouTube videos identified in the January 12, 2023 email. Dkt. No. 47 at 1-2.

On January 31, 2023, Fashion Nova filed its Opening Claim Construction Brief. Dkt. No. 50. Fashion Nova attached screenshots of Video 1 and an audio transcript of Video 2. Dkt. Nos. 50-5, 50-6.

### D.  Events After Identification of YouTube Videos

On March 10, 2023, counsel for Fashion Nova emailed Plaintiffs' counsel, stating that Fashion Nova noticed that the five YouTube videos identified in the January 12, 2023 email and the January 17, 2023 evidence disclosure had been "removed by the uploader." Sobaje Decl., Exs. 8-13. Fashion Nova requested copies of the five deleted YouTube videos. Sobaje Decl., Ex. 8. Internet Archive pages show that Video 4 was available as of February 4, 2023, and Video 5 was available as of February 5, 2023. Sobaje Decl., Exs. 23 and 24. The Internet Archive pages show that both videos had been uploaded "11 years ago." *Id.* Counsel for Fashion Nova followed up on March 17, 2023. Sobaje Decl., Ex. 14.

On March 27, 2023, Plaintiffs' counsel responded that it was still being ascertained whether all the videos were owned and/or uploaded by Plaintiffs. Sobaje Decl., Ex. 15. Plaintiffs' counsel further stated that Video 1 had been restored and Plaintiffs were making every effort to restore Videos 2 and 3, which counsel understood to be of the same content. *Id.* Plaintiffs' counsel requested other identifying pictorial information for Videos 4 and 5. *Id.* On March 27, 2023, Video 1 was restored to the Sarahi Jeans YouTube channel. Sobaje Decl., Ex. 16.

Later on March 27, 2023, counsel for Fashion Nova indicated that it had no further information about the other videos, but noted that the Sarahi Facebook page had a July 8, 2011 post with a link to Video 4. Sobaje Decl., Exs. 18-20. Counsel for Fashion Nova sent Plaintiffs' counsel a letter on May 15, 2023. Sobaje Decl., Ex. 21. Among other things, the letter requested information as to who was responsible

for deleting the YouTube videos. *Id.*

On May 23, 2023, counsel for Plaintiffs indicated in a letter that Kelly restored Video 1. Sobaje Decl., Ex. 22. Counsel further wrote that Plaintiffs have "insufficient access, control, knowledge, or information as to the remaining videos that were allegedly removed, and/or who removed the same." *Id.*

As of August 23, 2023, Video 1 and the one video identified by Plaintiffs in the joint claim construction statement are available on the Sarahi Jeans YouTube channel, but not Videos 2 through 5. Sobaje Decl., Exs. 17, 25.

### E. Deposition of Kelly

Kelly's deposition was taken on March 22, 2023. Sobaje Decl., Ex. 27; Von Kaul Decl., Ex. A. On May 3, 2023, Kelly served an Errata Sheet for the deposition. Sobaje Decl., Ex. 28. On May 15, 2023, Fashion Nova objected to the changes made in the Errata Sheet. Sobaje Decl., Ex. 21.

## III.   MOTION FOR SANCTIONS FOR SPOLIATION

### A. Legal Standard

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve evidence, in pending or reasonably foreseeable litigation. *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051-52 (S.D. Cal. 2015) (citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)). Federal Rule of Civil Procedure 37(e) ("Rule 37(e)") governs the loss of electronically stored information ("ESI"). Rule 37(e) applies "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). The Advisory Committee's Note to the 2015 Amendment to Rule 37(e) provides that the amended rule "forecloses reliance on inherent authority or state law to determine when certain measures should be used" for failure to preserve ESI. Fed. R. Civ. P. 37(e), Advisory Committee's Note to 2015 Amendment ("Rule 37(e) Advisory

Committee Note").

Rule 37(e) authorizes two tiers of sanctions for spoliation. Upon a finding of prejudice to another party from loss of the information, a court may employ measures "no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). If a court finds that the spoliating party "acted with the intent to deprive another party of the information's use in the litigation," the court may impose harsh sanctions, including presuming that the lost information was unfavorable to that party, instructing the jury that it may or must presume the information was unfavorable to that party, dismissing the action, or entering a default judgment. Fed. R. Civ. P. 37(e)(2).

The standard of proof for spoliation in the Ninth Circuit is "preponderance of the evidence." *RG Abrams Ins. v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 502 (C.D. Cal. Nov. 2, 2022); *see also Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 339-40 (D. Ariz. 2022) (applying preponderance of the evidence standard to Rule 37(e) analysis).

**B.  Analysis**

    1.  *Applicability of Rule 37(e)*

        a.  <u>Electronically Stored Information</u>

The parties do not dispute that the YouTube videos constitute ESI.

        b.  <u>Lost and Cannot be Restored or Replaced</u>

Fashion Nova does not appear to dispute that Video 1 has been restored. Thus, only Videos 2 through 5 remain at issue. Plaintiffs appear to have exhausted their efforts to restore Videos 2 through 5 and do not suggest that further efforts would be fruitful. Thus, Videos 2 through 5 have been lost and cannot be restored or replaced.

        c.  <u>Duty to Preserve</u>

The common-law duty to preserve continues to apply even under Rule 37(e). *See* Rule 37(e) Advisory Committee Note. "A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence." *Compass Bank*, 104 F. Supp. 3d at 1051.

Fashion Nova placed Plaintiffs on notice on January 12, 2023 and January 17, 2023 that Fashion Nova intended to rely on Videos 1 through 5 as extrinsic evidence. Sobaje Decl., Ex. 4; Dkt. No. 47 at 1-2. Although Plaintiffs dispute the relevance of the videos, Plaintiffs cannot dispute that, as of January 12, 2023, they were placed on notice that Fashion Nova considered the videos relevant. Once Fashion Nova made this representation, Plaintiffs had a duty to preserve this evidence to the extent Plaintiffs had access to, or indirect control over, such evidence. *See Jerry Beeman & Pharmacy Servs., Inc. v. Caremark Inc.*, 322 F. Supp. 3d 1027, 1035 (C.D. Cal. 2018).

Kelly explains in her declaration that she obtained access credentials to the Sarahi Jeans YouTube channel and reviewed the channel in early 2023. *See* Kelly Decl. ¶¶ 6, 9. Kelly concedes that she had access to at least Videos 1, 2, and 3 as she admits to accidentally deleting Videos 2 and 3 and she was able to restore Video 1. *See* Kelly Decl. ¶¶ 9, 10.

As to Videos 4 and 5, Plaintiffs dispute their existence on the Sarahi Jeans YouTube Channel. *See* Joint Stip. at 24; Kelly Decl. ¶¶ 12-14. Fashion Nova's evidence shows that these two videos were available as of February 2023. *See* Sobaje Decl., Exs. 23, 24. Moreover, Fashion Nova presents evidence that the Sarahi Facebook page posted a link to Video 4 on July 8, 2011. Sobaje Decl., Exs. 18-20. If these videos never existed on the Sarahi Jeans YouTube channel, Plaintiffs do not provide a satisfactory explanation why counsel for Fashion Nova included the titles and hyperlinks for these videos in its January 12, 2023 email, why the Internet Archive shows—as of early February 2023—that these videos had been uploaded by the Sarahi Jeans YouTube channel, or why the Sarahi Facebook page posted a link to Video 4 in July 2011. By a preponderance of the evidence, the Court finds that Videos 4 and 5 were available on the Sarahi Jeans YouTube channel as of January 12, 2023. Kelly does not argue that she had access to only some of the videos on the Sarahi Jeans YouTube channel. In light of her ability to access the Sarahi Jeans

YouTube channel, the Court finds that Kelly had access to all the videos at issue.

Because Kelly had access, Plaintiffs had a duty to preserve the videos after they were informed that Fashion Nova intended to rely on the videos as evidence.

####    d.    Reasonable Steps to Preserve

To constitute spoliation under Rule 37(e), ESI must have been lost "because a party failed to take reasonable steps to preserve it." Fed. R. Civ. P. 37(e). Courts "should be sensitive to the party's sophistication with regard to litigation in evaluating preservation efforts." Rule 37(e) Advisory Committee Note.

The Court finds that Kelly did not take reasonable steps to preserve the videos. Although Kelly explains that the Sarahi Jeans YouTube channel was created by a third party, she was able to gain access and review the channel in early 2023. *See* Kelly Decl. ¶¶ 6, 9. Once Plaintiffs were informed that Fashion Nova intended to rely on five videos on the YouTube channel, they should have taken reasonable steps to preserve the videos. Plaintiffs do not describe any steps they took to preserve any of the videos after Fashion Nova sent its January 12, 2023 email.

Instead of taking steps to preserve the videos, Kelly admits to deleting Videos 2 and 3. Kelly Decl. ¶ 9. Although Kelly does not provide the exact date she deleted Videos 2 and 3, it appears that she requested her credentials from YouTube in January 2023 or shortly thereafter, Kelly Decl. ¶ 6, and Kelly does not deny deleting them after January 12, 2023.

As to Videos 4 and 5, Kelly denies that she deleted them. Kelly Decl. ¶ 13. Plaintiffs also suggest that Videos 4 and 5 may have been removed by YouTube as unauthorized postings of a third party's trademark. *See* Joint Stip. at 24. Other than Kelly's lack of recollection about Videos 4 and 5, Plaintiffs set forth no evidence that the removal of these videos was any different than the removal of Videos 1, 2, and 3. Fashion Nova presents evidence that when its counsel tried to view the five videos in March 2023, YouTube indicated that all five videos had been "removed by the uploader." Sobaje Decl., Exs. 9-13. There is no language suggesting that some

videos were removed by YouTube for infringing on a trademark. Moreover, Plaintiffs allege ownership of the Sarahi trademark, and presumably YouTube recognized this in granting Kelly credentials after requiring her to provide proof of ownership. *See* Kelly Decl. ¶ 6. There also does not appear to be any reason why YouTube would remove Videos 4 and 5 as unauthorized, while not removing any of the other videos which use the same "Sarahi" trademark. The reasonable inference is that all five videos were deleted from the Sarahi Jeans YouTube channel by Kelly.

Kelly's lack of sophistication regarding the permanent nature of deletion of YouTube videos does not alter the Court's analysis because it is undisputed that Kelly failed to take any steps to preserve the videos after Fashion Nova specifically identified the videos as relevant evidence. The affirmative deletion of videos, regardless of whether Kelly believed the deletion to be temporary or permanent, does not constitute reasonable steps to preserve them.

In sum, the Court finds that the YouTube videos should have been preserved after Fashion Nova sent its January 10, 2023 email, and the videos were lost after that date because Plaintiffs failed to take reasonable steps to preserve them.

        2.    *Sanctions*

Because the threshold elements for finding spoliation under Rule 37(e) have been met, the Court turns to whether and what sanctions are warranted.

            a.    <u>Intent to Deprive</u>

Rule 37(e)(2) requires "a finding that the party acted with the intent to deprive another party of the information's use in litigation." Fed. R. Civ. P. 37(e)(2). "[C]ourts have found that a party's conduct satisfies Rule 37(e)(2)'s intent requirement when the evidence shows or it is reasonable to infer, that a party purposefully destroyed evidence to avoid its litigation obligations." *Martinez v. Equinox Holdings, Inc.*, No. 8:20-cv-02413-JLS-KES, 2021 WL 6882152, at *3 (C.D. Cal. Oct. 22, 2021). "[I]ntent may be inferred where a party is on notice that documents potentially are relevant but fails to take the steps necessary to preserve

them." *RG Abrams*, 342 F.R.D. at 508. Generally, courts "must look to circumstantial evidence to determine intent." *Laub v. Horbaczewski*, No. CV 17-6210-JAK (KS), 2020 WL 9066078, at *6 (C.D. Cal. July 22, 2020). "Relevant factors can include, *inter alia*, the timing of the destruction, the method of deletion (e.g., automatic deletion vs. affirmative steps of erasure), selective preservation, the reason some evidence was preserved, and, where relevant, the existence of institutional policies on preservation." *Id.*

Here, applying the preponderance of the evidence standard, the Court finds that there is sufficient circumstantial evidence from which to infer intent. When counsel for Fashion Nova viewed the videos in January 2023, they were identified as being more than 11 years old at the time. Sobaje Decl. ¶ 32. After being available for at least 11 years as of January 2023, the videos were deleted within two months of Fashion Nova informing Plaintiffs of Fashion Nova's intent to rely on these specific videos as extrinsic evidence. The timing of the destruction is consistent with an intent to deprive. *See RG Abrams*, 342 F.R.D. at 509 (finding intent to deprive where individual traded in cell phone device after being served with discovery specifically seeking the text messages contained therein).

Kelly admits to deleting at least two of the four lost videos. And, as explained above, the preponderance of the evidence shows that all the lost videos were deleted by Kelly. Because deletion was affirmative, rather than automatic, this supports a finding of an intent to deprive. Although Kelly argues that she did not understand the permanent nature of deletion of YouTube videos, *see* Joint Stip. at 24, she does not explain why she would have attempted even temporary deletion after Plaintiffs had been placed on notice that Fashion Nova considered the videos to be relevant.

There is also evidence of selective preservation. The one video Plaintiffs relied on for their claim construction was never deleted, whereas all five videos identified by Fashion Nova as extrinsic evidence were deleted (with only one subsequently restored). Additionally, there are two other videos, from "4 years ago," on the Sarahi

Jeans YouTube channel with "SarahiJeans" in their title that were not deleted. *See* Sobaje Decl., Ex. 17. Other than stating that it was accidental, Kelly provides no reason as to why she deleted only videos identified by Fashion Nova.

Kelly also argues that she did not have a culpable statement of mind because she promptly attempted to restore the lost videos once she learned of their removal. *See* Joint Stip. at 24. Video 1 was restored on March 27, 2023, after Fashion Nova sent its March 10, 2023 email noting the missing videos. Kelly does not describe any efforts to restore or replace the videos prior to Fashion Nova pointing out their removal. The fact that Kelly restored one video after Fashion Nova noted the disappearance of the videos does not negate an intent to deprive at the time of deletion, even if it may show efforts to mitigate the consequences after the opposing party discovered the deletion. Thus, the Court gives little weight to the promptness of Kelly's efforts after Fashion Nova sent its March 10, 2023 email.

Finally, the Court addresses Plaintiffs' argument that they had no strategic reason for deleting the videos because they contained duplicative evidence of marginal relevance. *See* Joint Stip. at 25. The Court must treat Kelly's assertions of the contents of the videos with skepticism, given that the videos are now lost due to Kelly's failure to take steps to preserve them. Moreover, even if Plaintiffs did not agree with Fashion Nova's assertion that the videos would help Fashion Nova's case, there is a clear strategic advantage in depriving an opposing party of evidence the opposing party deems relevant.

In sum, the Court concludes that by a preponderance of the evidence, Plaintiffs acted with the intent to deprive Fashion Nova of the use of the four lost videos.[2]

---

[2] On October 20, 2023, after the deadline to submit supplemental memoranda under Local Rule 37-2.3 passed, Plaintiffs submitted a supplemental declaration by Kelly. Dkt. No. 142. The Court declines to consider the supplemental declaration because it is untimely. Moreover, the supplemental declaration would not affect the Court's analysis. The YouTube channel history report attached as Exhibit A does not appear to reflect if or when videos were deleted by the user. The fact that Kelly twice

        b.     Prejudice

A finding of intent can support an inference that the opposing party was prejudiced by the loss of information that would have favored its position, and thus subdivision (e)(2) does not require any further finding of prejudice. Rule 37(e) Advisory Committee Note. However, prejudice may still be relevant in determining sanctions because finding an intent to deprive does not require a court to adopt any of the measures listed in subdivision (e)(2). *Id.* "Rule 37(e) intentionally leaves to the court's discretion exactly what measures are necessary." *Matthew Enter., Inc. v. Chrysler Grp. LLC*, No. 13-cv-04236-BLF, 2016 WL 2957133, at *3 (N.D. Cal. May 23, 2016). "Courts should exercise caution . . . in using the measures specified in (e)(2). . . . The remedy should fit the wrong, and the severe measures authorized by this subdivision should not be used when the information lost was relatively unimportant or lesser measures such as those specified in subdivision (e)(1) would be sufficient to redress the loss." Rule 37(e) Advisory Committee Note.

Fashion Nova argues that the lost videos would have supported its argument that the on-sale bar precludes Plaintiffs' patent claims. Joint Stip. at 17-19. The design patents at issue were filed on June 19, 2012, making June 19, 2011 the critical

---

watched videos that were subsequently removed is not relevant to the analysis. *See* Kelly Suppl. Decl. ¶ 5. Even if it were relevant, the report does not provide any information about whether those videos were any of the lost videos at issue. *See* Kelly Suppl. Decl., Ex. A. That Kelly previously viewed a video at the link https://www.youtube.com/watch?v=9_kEoP42JOQ, which is "no longer available due to a trademark claim by a third party," *see* Kelly Suppl. Decl. ¶¶ 6, 8 & Ex. B, is also not relevant because that link does not correspond to any of the videos at issue in this Motion and there is no evidence that this video was uploaded to the Sarahi Jeans YouTube channel or that the video is related to Plaintiffs, their products, or their intellectual property.

Additionally, the Court declines to consider slides with new evidence presented by Fashion Nova at the October 25, 2023 hearing. The new evidence regarding deletion of videos on YouTube was not previously submitted to the Court and thus is untimely. Also, Fashion Nova's new evidence would not change the Court's analysis as there is sufficient timely evidence to show an intent to deprive.

date for purposes of the prior sale bar. See TAC, Exs. A, B. The Court has reviewed the Sarahi Jeans YouTube channel at issue.[3] When the Court views the "About" information of the channel, it indicates that the channel "joined" YouTube on July 2, 2011. Thus, any video available on the channel must have been published on or after July 2, 2011. It does not appear that the fact of publishing any video on this channel could have itself constituted an on-sale bar.

Fashion Nova contends that even if the videos themselves were not published prior to the critical date, the videos could have provided visual evidence of jeans that were referenced in other forms of advertisement prior to June 19, 2011. Joint Stip. at 17. Fashion Nova also points to Plaintiffs' rebuttal expert report, which criticized Fashion Nova's failure to provide accompanying display for advertisements for sale. Joint Stip. at 11-12; Sobaje Decl., Ex. 26. Fashion Nova could have inspected the videos to see if they provided display for other advertisements of sale, or if they depicted the same models in the same jeans and in the same settings as photographs that were published prior to June 19, 2011. Joint Stip. at 17. Fashion Nova also could have used the contents of the video to determine whether they were shot in public prior to the critical date. See Suppl. Mem. at 4. Additionally, the videos may have been relevant in determining whether jeans on sale around the time of the videos reflected the patented designs, rather than or in addition to the copyrighted designs. Id. at 5. The Court agrees that Fashion Nova is prejudiced in not being able to rely on these videos in the described manner to support its case.

The Court is not persuaded by Plaintiffs' arguments that there is no prejudice because Video 1 was restored and Fashion Nova created an audio transcript for Video 2. See Joint Stip. at 5. There is no evidence that Videos 2 through 5 were similar to Video 1. Thus, the restoration of Video 1 does not mitigate any of the prejudice from the loss of Videos 2 through 5. As to Videos 2 and 3, the audio transcript is not a

---

[3] Counsel for both sides agreed at the October 25, 2023 hearing that the Court may visit the Sarahi Jeans YouTube channel in considering the Motion.

sufficient substitute where the patents at issue are design patents and the videos may have shown the patented designs in use and from different angles. Moreover, to support its on-sale bar defense, Fashion Nova would need to match the appearance of the models and locations to photographs that pre-date June 19, 2011.

On the other hand, the lost videos are far from the only evidence Fashion Nova has to show an on-sale bar. As Plaintiffs' counsel pointed out, Fashion Nova has pointed to substantial evidence in other forms to support its motion for summary judgment. And, as explained above, the fact of publication of the videos on the YouTube channel could not on its own have constituted a sale prior to June 19, 2011. As to functionality, there does not appear to be any reason why Fashion Nova could not rely on more recent statements or depictions of the jeans. Therefore, the Court finds that while Fashion Nova is prejudiced by the loss of the videos, it is not to the extent argued by Fashion Nova.

### c. Appropriate Sanctions

Fashion Nova requests dismissal of the action and an award of its attorneys' fees. Joint Stip. at 7. Alternatively, Fashion Nova requests the Court enter an order presuming lost information was unfavorable to Plaintiffs and that the Court instruct the jury that it must presume the information in the deleted videos was unfavorable to Plaintiffs. *Id.*

The Court finds that the most severe sanction of dismissal is not warranted. As explained above, while there is some prejudice to Fashion Nova from the loss of the videos, the videos on their own could not have invalidated the patents at issue based on the on-sale bar and Fashion Nova has other evidence of prior sales. Thus, disposal of the entire case based on spoliation of these videos does not "fit the wrong." *See Colonies Partners, L.P. v. Cnty. of San Bernardino*, 5:18-cv-00420-JGB (SHK), 2020 WL 1496444, at *11 (C.D. Cal. Feb. 27, 2020) ("Terminating sanctions may be warranted where a party is no longer able to present its case, spoliation occurs in direct violation of a court order, where a party has obviously

engaged in deceptive practices during litigation, or where a court anticipates continued deceptive misconduct."), *report and recommendation adopted*, 2020 WL 1491339 (C.D. Cal. Mar. 27, 2020).

The Court finds that an adverse inference is appropriate given the preponderance of evidence that shows Plaintiffs' intent to deprive Fashion Nova of the use of the four lost videos. However, a mandatory inference instruction would be too harsh given the nature of the lost videos and other evidence available to Fashion Nova. The Court finds that a permissive inference instruction more appropriately matches the prejudice suffered by Fashion Nova. *See Estate of Bosco v. Cnty. of Sonoma*, 640 F. Supp. 3d 915, 930-31 (N.D. Cal. 2022) (finding a permissive adverse inference, rather than a mandatory instruction, was warranted because even though the missing video was undoubtedly important evidence, there was other evidence regarding the underlying incident). At trial, Fashion Nova may present evidence regarding the loss of the videos and the Court will recommend that an instruction be provided to the jury that it may presume the lost videos were unfavorable to Plaintiffs, including that the videos would have shown the patented designs.

At the hearing, Plaintiffs requested the Court take into consideration Kelly's lack of sophistication when determining the severity of the sanctions. The Court finds that Kelly's deletion of videos after Fashion Nova sent an email to Plaintiffs' counsel indicating its intent to rely on the videos warrants the severe sanction of a permissive adverse inference. This is not a case of an individual making a determination of legal relevance or losing ESI due to automatic deletion, where the lack of legal or technical sophistication, respectively, might play a significant role in the consideration of spoliation sanctions. *See, e.g.*, *Laub*, 2020 WL 9066078, at *5-7 (denying Rule 37(e)(2) sanctions where ESI was destroyed due to failure to change default settings for automatic deletion of old text messages and replacement of phone and there was no evidence that individual plaintiff was expressly informed to

preserve all relevant evidence); *Martinez*, 2021 WL 6882152, at *4 (denying request for terminating sanctions and adverse jury instruction where individual plaintiffs' text messages were lost due to glitches, factory resets, and auto-delete settings of phones). Here, the videos were specifically identified by Fashion Nova as relevant evidence, eliminating the need for Kelly to apply any legal knowledge in determining whether the videos should be preserved. Also, Plaintiffs are represented by counsel, who should be aware of the duty to preserve after an opposing party identifies evidence as relevant. Additionally, the videos were affirmatively deleted. Kelly cannot blame the deletion on lack of technical knowledge about an automatic or default deletion setting. Thus, the Court is not persuaded that any lack of sophistication on Kelly's part should mitigate the harshness of the recommended sanction.

Finally, the Court finds that Fashion Nova should be compensated for the fees it incurred to bring the spoliation portion of this Motion because Fashion Nova would not have had to bring this motion if the videos at issue were not lost. At the October 25, 2023 hearing, Plaintiffs raised a "David v. Goliath" argument regarding any fee award. The Court will recommend that the amount of the fees award be litigated by the undersigned magistrate judge through further briefing. Plaintiffs will have an opportunity to address the reasonableness of Fashion Nova's fee request, including ability to pay.

### IV. MOTION TO STRIKE DEPOSITION TESTIMONY IN ERRATA SHEET

Under Federal Rule of Civil Procedure 30(e)(1), within 30 days of being notified that a transcript or recording is available, a deponent is allowed to review the transcript or recording and, "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1).

///

In *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217 (9th Cir. 2005), the Ninth Circuit affirmed the district court's order granting a motion to strike deposition corrections. *Id.* at 1224-26. There, the deponent had missed the 30-day deadline, there were no explanations for the corrections, the corrections were extensive, and the corrections were submitted after a motion for summary judgment had been filed. *Id.* at 1224-25. In that context, the Ninth Circuit found that corrections offered solely to create a material factual dispute are akin to a "sham" affidavit. *Id.* at 1225. The Ninth Circuit stated that "Rule 30(e) is to be used for corrective, and not contradictory, changes." *Id.* at 1226. The Ninth Circuit held that the district court did not abuse its discretion in striking the deposition errata because the plaintiffs failed to comply with the procedural dictates of Rule 30(e). *Id.*

As explained in *Alvarez v. XPO Logistics Cartage, LLC*, No. CV 18-3736-RGK(Ex), 2020 WL 11563057 (C.D. Cal. Aug. 17, 2020), there are at least three schools of thought subsequent to *Hambleton*. *Id.* at *2. One interpretation is that only transcription errors may be corrected, with all other purported corrections being impermissibly contradictory of what was said under oath at deposition. *Id.* Another interpretation is that corrections are improper only if they are a "sham" with respect to a pending motion for summary judgment. *Id.* And a third interpretation is that corrections are improper if they are sham (without requiring a pending motion for summary judgment) or they are contradictory rather than corrective. *Id.* A number of courts have adopted each of these schools of thoughts. *See id.* (collecting cases).

Here, Fashion Nova does not challenge the corrections as violating any of the procedural requirements of Rule 30(e). Rather, Fashion Nova focuses on the nature of the corrections. The Court declines to find that the corrections are "sham" changes because Plaintiffs made the changes to the testimony prior to Fashion Nova filing a motion for summary judgment, and it does not appear that Plaintiffs directly cite to any of the specific changes in opposing the pending motion for summary judgment. While the changes do not appear to be corrections of transcription errors, the Court

finds that permitting only transcription errors would not be consistent with a plain reading of Rule 30(e)(1), which permits "changes in form or substance." Although the Court has concerns about the nature of some of the changes, not all of changes appear to be clearly contradictory. And even if the Court were to strike the errata, this would not preclude Kelly from testifying at trial that she attempted to change her testimony and explaining her reasons for the attempted changes. Thus, there is limited prejudice to Fashion Nova in declining to strike the errata sheet, so long as Fashion Nova is permitted to challenge Kelly's testimony at trial with her original deposition testimony.

Given these circumstances, the Court finds that the most appropriate remedy would be to decline to strike the errata sheet but permit Fashion Nova to use the original deposition testimony at trial for cross-examination and impeachment purposes. *See Gunaratna v. Dennis Gross Cosmetology LLC*, No. CV 20-2311-MWF (GJSx), 2023 WL 5505052, at *9 (C.D. Cal. Apr. 4, 2023) (denying motion to strike where the clarifications were not nearly as significant as defendant claimed and defendant remained free to challenge plaintiffs' credibility through cross-examination); *Doe v. Los Angeles Unified Sch. Dist.*, 2:16-cv-00305-CAS (JEMx), 2017 WL 1531150, at *14-15 (C.D. Cal. Apr. 24, 2017) (denying motion to strike deposition testimony corrections where they were timely and submitted in advance of summary judgment proceedings and the corrections did not assist in evading summary judgment); *Shinde v. Nithyananda Foundation*, ED CV 13-363-JGB (SPx), 2015 WL 12746703, at *6 (C.D. Cal. May 21, 2015) (finding remedy of permitting defendants to use change in testimony to impeach plaintiff during trial to be more appropriate than motion to strike).

## V. **RECOMMENDATION**

For the reasons discussed above, **IT IS RECOMMENDED** that the District Court issue an Order approving and accepting this Report and Recommendation, and ordering that Fashion Nova's Motion be granted in part and denied in part as follows:

(1) Granting Fashion Nova's request for sanctions under Rule 37(e)(2) in the form of monetary sanctions for reasonable expenses, including attorneys' fees, incurred in bringing the spoliation portion of the Motion, in an amount to be determined at a later date by the Magistrate Judge after further submissions by the parties;

(2) Granting Fashion Nova's request for sanctions under Rule 37(e)(2) in the form of an instruction to the jury that it may presume the lost YouTube videos were unfavorable to Plaintiffs, including that the videos would have shown the patented designs;

(3) Denying Fashion Nova's request for terminating sanctions or a mandatory adverse inference instruction; and

(4) Denying Fashion Nova's request to strike the errata sheet for Kelly's deposition testimony, but permitting Fashion Nova to use the original deposition testimony for cross-examination and impeachment purposes.

DATED: October 30, 2023

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in Local Civil Rule 72 and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.