Carol Green von Kaul, Esq. (*Pro Hac Vice*)
  cgreen@vonkaul.legal
Carol Green von Kaul, P.A.
201 S. Biscayne Blvd., 28th Floor
Miami, FL 33131

Dariush G. Adli, Esq., SBN 204959
  adli@adlilaw.com
Ani Martirosian, Esq., SBN 321046
  ani.martirosian@adlilaw.com
ADLI LAW GROUP P.C.
520 S. Grand Ave., Suite 695
Los Angeles, California 90071
Telephone: (213) 623-6546
Facsimile: (213) 623-6554

Attorneys for Plaintiffs
SUZETTE A. KELLY and SARAHI FASHION HOUSE, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUZETTE A. KELLY, an individual; and SARAHI FASHION HOUSE, INC., a _Florida corporation,<br><br>*Plaintiffs,*<br><br>v.<br><br>FASHION NOVA, LLC, a California corporation,<br><br>*Defendant.* | Case No. 2:23-cv-02360-JAK(RAOx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S NOTICE OF MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENTS REGARDING PRODUCTS EXCLUDED BY THE MARCH 10, 2023 ORDER**<br><br>**HEARING:**<br>**DATE/TIME: 2/10/25 @ 1:30 P.M.**<br><br>**COURTROOM: 10C**<br><br>**JUDGE:** *Honorable John A. Kronstadt* |

1

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 1**

Plaintiffs Suzette Kelly ("Plaintiff Kelly") and Sarahi Fashion House, Inc. ("Plaintiff Sarahi") respectfully submit their opposition to Defendant Fashion Nova's Motion in *Limine* I ("MIL-I") (Dkt. 222) and request that it be denied in its entirety.

## I.     INTRODUCTION:

Fashion Nova claims it "is a fast fashion[1] business" and retails a significantly large volume of jeans styles per week that are offered for sale and sold on its www.fashionnova.com website. During discovery, the jeans on the www.fashionnova.com website were evaluated and analyzed under the ordinary observer test and at least one hundred and forty-nine (149) jeans styles (Dkt. 98-4, 98-5) that Fashion Nova markets, sells, and/or sold were determined to infringe Plaintiff's US D686800 and US D674991 Patents.

In its incessant effort to keep a jury of its peers from adjudicating Fashion Nova's infringement and willfulness, Fashion Nova now seeks to limit evidence of its infringement to thirteen (13) self-identified jeans. Fashion Nova's attempt is unavailing and cannot succeed.

## II.    LEGAL STANDARD:

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *McCoy v. Kazi*, No. CV0807244SJOCWX, 2010 WL 11465179, at *14 (C.D. Cal. Aug. 27, 2010) citing (*United States v. Chan*, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002)). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003). In considering a motion *in limine*, courts may reserve judgment until trial, so that the motion is

---

[1] Fast fashion can be defined as "mega-giants [like Fashion Nova, Shein, and Temu that] often add thousands of new items to their online retail stores each day and have become increasingly popular for offering trendy and affordable, albeit low quality, clothing items. However, in addition to being bad for the environment and promoting over consumption, these fast fashion brands often offer unauthorized reproductions of designs that have been stolen from indie fashion brands, often owned by women of color, for a fraction of the price of the original item." Dominique Williams, Sul Lee Law Firm, PLLC, *Copywritten, So Don't Copy Me: How Copyright Can Be Used To Protect Unique Fashion Designs,* LinkedIn: https://www.linkedin.com/pulse/copywritten-so-dont-copy-me-how-copyright-can-used-protect-nm7yc/.

placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287 (citing *Hawthorne Partners v. AT&T Tech., Inc.,* 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (stating that a motion *in limine* to exclude evidence should be granted only "when evidence is clearly inadmissible on all potential grounds . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial")). Fashion Nova's MIL fails because its mischaracterization is incongruent with the Magistrate's ruling. *See Wechsler*, 381 F. Supp. 2d at 140.

### III. ARGUMENTS:

#### A. Fashion Nova's Mischaracterization Is Irreconcilable With The Ruling

The 1-hour long Discovery Hearing before the Florida court, which is the foundation of Fashion Nova's MIL1, was never briefed, did not concern claim construction, and was not an adjudication on the merits of Plaintiff's infringement claims. The Discovery Hearing at issue was called in response to Plaintiffs' effort to compel Fashion Nova to produce outstanding financial information for all 149 accused infringing jeans, which it had previously refused to do. *See* Carol von Kaul's Declaration ("CVK Decl."), **Exhibit A,** Hearing Transcript Excerpt**,** P.3:6-9 ("**THE COURT:** So we are here on Kelly versus Fashion Nova, case No. 21 61937, on a discovery dispute."); P.11:20-25 (e.g., **MS. VON KAUL:** "What we're asking for from the defendant is, we're asking them[,] who produced the jeans so that we can know whether or not there is contributory infringement . . . So we asked for the financial data"); P.17:17-20 ("**MS. VON KAUL:** No, your Honor, because we needed the information concerning the financials. That is why we're here today. We don't have the financials because they have refused because there's 200 [*out of the thousand per day*]."); P18:8-10 (e.g., "**THE COURT:** "What you are asking for is the financial data from -- **MS. VON KAUL:** Yes, your Honor."); P.39:3-5 ("**THE COURT:** What I'm trying to do is determine at this point – we are at discovery and there is a discovery deadline -- what is relevant or what is broadly relevant to this case."); P.45:20-23 ("**THE COURT:** Once that list is compiled, . . . I understand Ms. von Kaul, you will want the financial data on these particular jeans. Is that my understanding").

Without the infringement claims or invalidity defenses being substantively briefed, the Court was not prepared and did not intend to rule on patent infringement for the 149 jeans within an hour, especially in the absence of: a) an application of Egyptian *Goddess'* "ordinary observer test" coupled with a visual examination of all 149 jeans; and b) a full discussion of Fashion Nova's defenses, e.g., alleged invalidity and unenforceability. *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665 (Fed. Cir. 2008). To suggest otherwise is nothing but a red herring and a bald attempt to mislead and confuse what the Florida Judge intended to accomplish.

Furthermore, Fashion Nova is blatantly overreading the Florida Hearing in the face of the record, including Counsel's prior statements, which directly refute its MIL1 allegations. Specifically,

> MS. GILLS:  One, if we only have to produce information on jeans with proportions similar to the proportions in that Sarahi document. I will produce every jean with similar proportions to that. **I have already given her everything for the seven that I have. She has everything.**
>
> **Out of the remaining --** and it is no longer 200; it is 177. For the remaining 170, **I will produce information** for any jean in the 170 . . . **I will give her sales, everything else in her discovery request for any jeans with measurements similar to those.**

*Id.* at P.41, 1-11 (*emphasis added*).

**Ms. Gills' admission that there was a remainder of documents to be produced, validates and concedes that the hearing was directed to document production**, where the original seven (7) jeans are part of the larger collective of 149 jeans that Plaintiffs claim are infringing and for which financials would be produced. Nonetheless, consistent with Fashion Nova's *modus operandi* acting as judge and jury, it singularly later conveniently decided that only the 13 jeans are infringing and even limited its damages assessment

analysis and report[2] to only those 13 jeans, wholly excluding the original 7 jeans, leading to the logical conclusion that Fashion Nova's damages expert report is designed and drafted with the specific intent to mislead and confuse the jury.

Fashion Nova's subsequent conduct and its document production also contradict its incorrect characterization of the Florida Hearing outcome. For example, Defendant's Supplemental Accused Product Measurement Disclosures ("Deft. 2nd Disclosure," Dkt. 236-6; 236-4 (Redacted)) purports: **"[t]he Court's March 10, 2023 <u>ruling limits products that Plaintiffs can obtain discovery</u> regarding as potentially "Accused Products"** to only those products that have measurements similar to those measurements shown in a document produced by Plaintiffs bearing the Bates label PL00296." Dkt. 236-6, P.3 (*emphasis added*). <u>Consistent with the Magistrate's ruling, as later stated in the same document, Fashion Nova agreed to supplement its financial disclosures</u>. *Id.,* P.4 (*emphasis added*) ("Based on those measurements and the Court's March 10, 2023 ruling, **Fashion Nova will only produce documents and information relative to the following "Accused Products" and will supplement and modify its prior discovery responses.**").

Clearly, Fashion Nova's MIL1 is bereft of factual or legal bases and is yet another bald attempt by Fashion Nova to avoid facing a jury of its peers in view of its infringing conduct and continued infringing sales and should be denied.

At trial, Plaintiffs intend to prove that Fashion Nova's 149 jeans when examined under the scrutiny of the applicable ordinary observer test infringe Plaintiff's patented designs. Plaintiffs do not intend and have never indicated any intent to try this case by waiving their rights to present evidence concerning all 149 jeans, nor limiting their presentation to only the 13 jeans identified by Fashion Nova. That is a false foundation, and Plaintiffs would be immeasurably prejudiced if they had to prosecute their case at trial with this unfounded limitation on their damages recovery. Fashion Nova is well aware that there has been no fact findings and/or adjudications that would so limit Fashion Nova's infringing

---

[2] Brian Buss Expert Report on Damages is the subject of Plaintiffs' Motion in Limine -I, which is incorporated herein by reference as it briefs Plaintiff's position concerning the invalid and incorrect damages assessment.

conduct and damages exposure. To suggest, as Fashion Nova does, that otherwise infringing jeans with particular measurements should somehow be excluded from trial and kept from the jury strains credulity.

The large volume of jeans sold as knock offs of Plaintiff's patented designs sheds light on whether Fashion Nova knowingly, willfully, and continuously (to this day) infringed and infringes Plaintiff's patents over the last six (6) years and continuing, notwithstanding Plaintiffs' 2019 Cease and Desist letter (Dkt. 119-4) and the ongoing litigation. The willfulness of Fashion Nova's conduct is a key factor for the jury to consider in fashioning the relief Plaintiffs seek, including treble damages for design patent infringement. To the extent Fashion Nova contends that Plaintiffs' direct and/or cross-examination questions will elicit inadmissible testimony on relevancy grounds for any one particular jean it argues to be non-infringing, Fashion Nova can lodge such objections at trial. To exclude before trial, huge swaths of relevant evidence for the 149 jeans would be "patently" unwarranted and unfair.

At the 1-hour Discovery Hearing, Fashion Nova's posture was inconsistent with proper procedural practices as it was readily apparent that Fashion Nova was actively seeking a claim construction determination without the benefit of the parties' briefs and arguments. Plaintiffs objected to this thinly veiled attempt to preempt the scheduled Markman Hearing (Florida) since procedural due process guarantees an opportunity to be heard, granted at a meaningful time and in a meaningful manner. *See Parratt v. Taylor*, 451 U.S. 527, 540 (1981). The Discovery Hearing was simply not the appropriate forum nor time. Notwithstanding, Fashion Nova's preference then, and now, is for Courts to dispense with procedural due process and arrive at a determination of infringement solely on its' say so. Magistrate Judge Reid's ruling setting the parameters for overdue financial disclosures was never intended to be an adjudication on the merits for infringement, nor the equivalent of limiting the number of accused infringing jeans.

Besides, Fashion Nova's reliance on Magistrate Judge Reid's statement is misplaced, as a careful review of the Hearing's transcript shows, Magistrate Judge Reid was gathering

information to further understand the substance of the issues before the Court in determining a cooperative solution for resolving the discovery dispute, e.g.:

> MS. GILLS:  I understand, but if I give you dead-on prior art with these dimensions, to force us to go to the end of the case to prove that I'm right if I gave you dead-on prior art with these dimensions and the relative sizes because we're sitting on that.
>
> We have actually given it to them from Wrangler already, Judge Reid.
> **THE COURT:  Is prior art a designer?**
> **MS. GILLS:  No. Prior art is either a prior patent, a**
> prior design, a publication --
> **THE COURT: I see**.

CVK Decl., Exhibit A, P.48, 21- 49, 6 (*emphasis added*).

The above exchange does not need further elaboration and amply demonstrates the absurdity and blatant overreach of the conclusion that Fashion Nova is urging here.

*Lanard Toys* unambiguously states that "[t]he test for infringement also requires that '**an accused design be compared to the claimed design, not to a commercial embodiment**.'" *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1344-45 (Fed. Cir. 2020) (*emphasis added*) (*quoting Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 990 (Fed. Cir. 1993) ("Proper application of the *Gorham* test requires that an accused design be compared to the claimed design, not to a commercial embodiment.")). Within that framework, Plaintiffs willingness to accept financial disclosures based on a range of measurements does not equate to a limitation on its infringement claims.

Further, throughout the Hearing, Plaintiff consistently opposed Fashion Nova's proposed claim construction. *Id.* at P.22:15-21 **("MS. VON KAUL:** [T]he claim construction hearing is where we should be arguing and addressing all of these issues that Ms. Gills is basically speaking about the jeans and how it should be construed. A discovery hearing is not the appropriate forum for it); *Id.* at P.25:13-P.26:17 **("MS. VON KAUL:** [I]t is a two-dimensional representation of a three-dimensional item, which is a jean. . . Therefore, you cannot apply a two-dimensional measurement to a three-dimensional item

and expect to have it to be accurate. . . ."); *Id.* at P.26:5-17 (I just want you to know that your measurement technique is wrong. Your Honor, pattern makers know that because it is considered graded up. . . So in general, . . . a person of ordinary skill in the art in the industry would never use a percentage because it is just inapplicable and it is wrong.").[3]

## B. Comparisons Between the Accused Product And Commercial Embodiments Of The Patented Design Is Irrelevant And Not Admissible

Fashion Nova grossly misinterprets the holding of *Lanard Toys* and impermissibly seeks to interpose measurements from embodiments of the patented designs into the design patents' claim limitations for the infringement analysis. *See Lanard Toys* 958 F.3d at 1344-45. However, evidence and arguments comparing Fashion Nova's jeans to commercial embodiments of the patented jean designs should be excluded under FED. R. EVID. 402 and 403. As the Manual of Patent Examining Procedure ("MPEP") 2125 explicitly instructs: "**[w]hen the reference does not disclose that the drawings are to scale and is silent as to dimensions, arguments based on measurement of the drawing features are of little value**." MPEP 2125 (emphasis *added*); *see also Hockerson-Halberstadt, Inc. v. Avia Group Int'l*, 222 F.3d 951, 956, 55 USPQ2d 1487, 1491 (Fed. Cir. 2000) ("[I]t is well established that patent drawings do not define the precise proportions of the elements and may not be relied on to show particular sizes if the specification is completely silent on the issue."); *In re Wright,* 569 F.2d 1124, 1127, 193 USPQ 332, 335 (CCPA 1977)("Absent any written description in the specification of quantitative values, arguments based on measurement of a drawing are of little value."); *In re Olson,* 41 C.C.P.A. 871, 872, 212 F.2d 590, 592, 101 USPQ 401, 402 (CCPA 1954).

---

[3] This is consistent with Plaintiffs' Amended Response to Interrogatories. Dkt. 230-18, P5. ("Subject to and without waiving the foregoing objections, Plaintiff states that under the ordinary observer test the patents speak for themselves and furthermore the contentions that the "back rise needs to be larger than the front rise of the jeans" at an exact percent, or within a percentage range is a construction by the Defendant, whereby Defendant now seeks to add such contention as a claim limitation to the issued patents post patent grant. To the extent Defendant persists in employing an impermissible two-dimensional calculation of the three-dimensional jeans to ascertain the relative difference between the low rise and back rise, whereas in the world of fashion design percentages are not employed but rather measurements, because a designer has to provide an inch or two for allowances for the grading of a size, to accommodate for a range of sizes, and styles (in this instance low, mid, and high rises), Plaintiffs direct Fashion Nova to document produced under Bates Stamp # PL00296, where the document speaks for itself.").

Here, the patent disclosures gave no indication that the patented drawings were drawn to scale. As the undersigned contended at the Hearing, adding measurements post issuance is impermissible, as there is no governing law, statute, rule or provisions permitting the same. CVK Decl., Exhibit A, P.41:19-23.

More importantly, *Lanard Toys* stands for the principle that an infringer can't escape the consequences of its infringing conduct based on size, holding that the infringer in that case could not avoid infringement on the basis that the larger chalk holder that looked identical to the smaller prior art pencil did not infringe just because they were of different sizes. *Lanard Toys*, 958 F.3d 1337. Further, as noted above, *Lanard Toys* states that "[t]he test for infringement also requires that '**an accused design be compared to the claimed design, not to a commercial embodiment**.'" *Id.* at 1344-45 (*emphasis added*); *see also Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994)(*emphasis added*) ("As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; **the only proper comparison is with the claims of the patent**."); *High Point Design, LLC v. Buyer's Direct, Inc.,* 621 F. App'x. 632, 642 (Fed. Cir. 2015). That's the law. Fashion Nova cannot unilaterally change the law, especially when the issue was never briefed.

"Whether the accused products are visually distinct from, or perform better than, commercial embodiments of the Patents fall outside the infringement analysis. Put otherwise, Defendants cannot prove noninfringement by comparing the form or function of the accused products to Plaintiffs' products." *California Expanded Metal Prod. Co. v. Klein,* 426 F. Supp. 3d 730, 747 (W.D. Wash. 2019) (*internal citation omitted*). Fashion Nova should not be allowed to avoid a jury of its peers passing on Plaintiff's infringement claims by advocating a blatantly false interpretation of the Florida Hearing and controlling legal precedent.

A comparison of the accused and embodying jeans is especially unwarranted and prejudicial here because there is insufficient evidence that every commercial embodiment

includes all elements of the asserted design patents. *See Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1288–89, 96 USPQ2d 1041 (Fed. Cir. 2010) (comparison to a commercial product may support a finding of infringement <u>only if the commercial product meets all of the claim limitations</u>). Here they do not, and a comparison of these products should be wholly excluded. The record makes it abundantly clear that Magistrate Judge Reid was not prepared and did not intend to adjudicate the parties' respective claim construction positions or to limit the number of accused infringing jeans based on measurements of jeans embodying the patented designs. Fashion Nova's self-serving alternative reading of the Florida Hearing and controlling Federal Circuit precedent is a clear mischaracterization and red herring and its MIL-1 should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendant's Motion *In Limine* be denied, and that evidence and arguments comparing the accused and embodying products should be excluded at trial.

CAROL GREEN VON KAUL, P.A.

Dated: February 3, 2025    By: */s/ Carol Green von Kaul*
Carol Green von Kaul, Esq. (*Pro Hac Vice*)
*Attorneys for Plaintiffs,*
SUZETTE A. KELLY and SARAHI FASHION HOUSE, INC.

ADLI LAW GROUP, P.C.

Dated: February 3, 2025    By: */s/ Dariush G. Adli*
Dariush G. Adli
Ani Martirosian
*Attorneys for Plaintiffs,*
SUZETTE A. KELLY and SARAHI FASHION HOUSE, INC.
.

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing documents with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on February 6, 2025:

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S NOTICE OF MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENTS REGARDING PRODUCTS EXCLUDED BY THE MARCH 10, 2023 ORDER**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF System.

I certify under penalty of perjury that the foregoing is true and correct. Executed February 6, 2025 at Los Angeles, California.

Date: February 6, 2025         */s/ Dariush Adli*
                               Dariush G. Adli