UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV23-02360 JAK (RAOx) | Date | February 10, 2025 |
|---|---|---|---|
| Title | Suzette Kelly v. Fashion Nova, LLC. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| Daniel Torrez | Maria Bustillos |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Carol von Kaul | Jeanne Gills |
| Dariush Adli | Justin Sobaje |
| | Kelsey Boehm |
| | Lucia Coyoca |

**Proceedings:**     FINAL PRETRIAL CONFERENCE

                     MOTIONS IN LIMINE (DKTS. 213, 214, 220, 222, 224, 225, 226, 227)

The final pretrial conference is held.

The trial date is discussed. In light of the open issues to be resolved, the current trial date of March 4, 2025 is **VACATED**.

**PLAINTIFFS' MOTIONS IN LIMINE.**

Plaintiffs' Motion in Limine No. 1 to Exclude Evidence or Testimony Relating to Fashion Nova's Damages Expert Brian Buss (Dkt. 220): The motion is **GRANTED IN PART** to the extent Brian Buss's opinions related to calculation of damages based on alleged patent infringement are precluded from being introduced at trial. Specifically, a review of Mr. Buss's report demonstrates that in calculating damages based on the alleged patent infringement, the article of manufacture is "related to the waistband" and "the difference in measurement between the front of the waistband and the back of the waistband." *See* Dkt. 220-3 at 4. Although, a determination of the relevant article of manufacture for calculating damages is a question of fact, Mr. Buss provides no reason as to why the relevant article of manufacture is the waistband as opposed to the entirety of a pair of jeans. Nor did Mr. Buss identify or apply the four-factor test that has generally been used to identify an article of manufacture. *See Apple Inc. v. Samsung Elecs. Co. Ltd.*, 2017 WL 4776443, at *11 (N.D. Cal. Oct. 22, 2017).

Plaintiffs' Motion in Limine No. 2 to Exclude Evidence or Testimony Relating to Fashion Nova's Design Expert Trista Grieder, Concerning Alleged Non-Infringement and Invalidity of the Patents at Issue (Dkt. 213): The motion is **DENIED** because Ms. Grieder applies the appropriate standards for determining patent non-infringement and invalidity in her report.

Plaintiffs' Motion in Limine No. 3 to Exclude Pejorative Words and Derogatory Characterizations of Plaintiffs and Their Efforts to Seek Legal Redress for Infringement (Dkt. 214): The motion is **GRANTED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-02360 JAK (RAOx) | Date | February 10, 2025 |
| Title | Suzette Kelly v. Fashion Nova, LLC. | | |

**IN PART**. In general, "the parties shall make their arguments in neutral, non-inflammatory terms." *Kitsch LLC v. Deejayzoo, LLC*, 2023 WL 4291445, at *5 (C.D. Cal. May 8, 2023) (citing *Crocs, Inc. v. Effervescent, Inc.*, 2022 WL 968974, at *8 (D. Colo. Mar. 30, 2022)). Accordingly, terms such as "patent troll," "patent pirate," "troll," "stick up," "hold up," and like terms, will be excluded pursuant to Fed. R. Evid. 403. Neutral facts regarding the businesses of Plaintiffs and Defendant may be referenced, to the extent they are relevant.

**DEFENDANT'S MOTIONS IN LIMINE.**

Defendant's Motion in Limine No. 1 to Exclude Evidence and Arguments Regarding Accused Jeans That Were Excluded by Virtue of the March 10, 2023 Order and Agreed Discovery Process Recited Therein (Dkt. 222): A ruling on the motion is **DEFERRED** pending review of Ms. Kelly's deposition testimony and accompanying supplemental briefs.

Defendant's Motion in Limine No. 2 to Exclude Evidence or Argument Regarding Affirmative Infringement Theories and Plaintiffs' Final Infringement Contentions Pursuant to FRCP 26(a), 26(e), and 37(c)(1) (Dkt. 226): The motion is **GRANTED IN PART** as follows: Ms. Davidson is precluded from testifying beyond the opinions expressed in her rebuttal report. Plaintiffs are precluded from introducing evidence related to affirmative patent infringement theories that expands upon the infringement contentions served on Defendant on June 2, 2023 (*see* Dkt. 230-20), to the extent it results in prejudice and unfair surprise to Defendant. A ruling on whether Ms. Kelly is precluded from testifying as to affirmative infringement theories is **DEFERRED** based upon a review of Ms. Kelly's deposition testimony and accompanying supplemental briefs.

Defendant's Motion in Limine No. 3 to Preclude Plaintiffs from Introducing any Testimony or Information Regarding Alleged Damages (Dkt. 227): The motion is **GRANTED IN PART** as follows: Plaintiffs are precluded from offering evidence of damages through any expert testimony, as no disclosures have been made. Regarding lost profit damages, to the extent Plaintiffs have not produced information or provided calculations of lost profits beyond that which was produced via PL000294–295 (Plaintiff Sarahi's financial disclosures for 2019 and 2020), Plaintiffs are precluded from introducing new or additional evidence at trial. Additionally, Plaintiffs are precluded from offering evidence as to any other actual damages, as no disclosure or production of information as to any other actual damages has been made. A ruling on whether FN332 may be introduced as evidence of disgorgement is **DEFERRED** pending a determination on Defendant's Motion in Limine No. 1. However, to the extent the introduction of FN332 is permitted, Plaintiffs are precluded from introducing evidence of accompanying calculations not previously disclosed. Further, a ruling on whether Plaintiffs are precluded from offering evidence as to a reasonable royalty rate is **DEFERRED** pending review of the parties' supplemental briefing to be submitted.

Defendant's Motion in Limine No. 4 to Preclude Plaintiffs from Introducing Evidence or Testimony Regarding "Copyrighted Jeans" and Introduction of the Documents Produced at PL000810-813, PL00536-538 and PL00600-607 (Dkt. 224): The motion is **GRANTED IN PART** to the extent Plaintiffs are precluded from referring to any jean products as "copyrighted jeans." As noted in the Order re Defendant's Motion for Summary Judgment, "a useful article cannot be copyrighted." Dkt. 172 at 17. Plaintiffs have acknowledged as much. *See* Dkt. 245 at 3 ("Plaintiffs have consistently acknowledged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-02360 JAK (RAOx) | Date | February 10, 2025 |
|---|---|---|---|
| Title | Suzette Kelly v. Fashion Nova, LLC. | | |

and adopted the Court's ruling on useful articles not being copyrightable."). Thus, for purposes of accuracy and to prevent confusion, prior iterations of jeans shall not be referred to as "copyrighted." A ruling on the admissibility of PL000810-813, PL00536-538 and PL00600-607 is **DEFERRED** pending identification of such documents to the Court.

Defendant's Motion in Limine No. 5 to Preclude Plaintiffs from (i) Referring to Hearsay or Uncorroborated Testimony Regarding Alleged Actual Confusion Regarding Trademark-Related Claims; and (ii) Referring to Their "S! SARAHI! PRINCESS QUEEN MOTHER OF ALL NATIONS FOR WOMEN" alleged trademark (Dkt. 225): The motion is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** to the extent Plaintiffs' identified witnesses are permitted to testify as to actual confusion regarding the accused trademark infringing products. Further, evidence that an older model asked Plaintiff Kelly if Sarahi "was on Fashion Nova" is hearsay under Fed. R. Evid. 802 as to the issue of actual confusion for purposes of trademark infringement. The statements thus "cannot be admitted for the truth of the matter asserted, *i.e.*, that customers were confused," and Plaintiffs "ha[ve] not explained the relevance of [Kelly's] state of mind upon receiving complaints." *Kitsch LLC v. Deejayzoo, LLC*, 2023 WL 4291445, at *2 (C.D. Cal. May 8, 2023). Thus, the motion is **GRANTED** as to the specific example of the statements provided. The motion is also **GRANTED** to the extent Plaintiffs are precluded from introducing the "S! SARAHI! PRINCESS QUEEN MOTHER OF ALL NATIONS FOR WOMEN" trademark as evidence of trademark infringement because Plaintiffs have conceded that the mark is not the subject of its infringement contentions. *See* Dkt. 136-1 ¶ 77; provided, however, this ruling does not preclude introduction of the mark for other purposes, upon a showing of relevance.

**JURY INSTRUCTIONS**. (Dkts. 237, 238)
Based on the number of open issues remaining, counsel are directed to meet and confer in an effort to resolve remaining disputes and provide an updated version of the proposed jury instructions and disputed jury instructions, should any disputes remain, upon a resolution of the motions in limine.

**VOIR DIRE**. (Dkts. 223, 233)
Based on a review of the parties' proposed voir dire questions, a determination will be made as to whether some or all of any proposed questions will be posed to prospective jurors. The Court explains the voir dire process, including the opportunity for Counsel to raise cause challenges and to propose additional voir dire as to one or more witnesses.

**SUPPLEMENTAL BRIEFING**.
On or before February 18, 2025, Defendant is ordered to file the entirety of Ms. Kelly's deposition testimony and a brief which: (1) identifies portions of the transcript where (a) Defendant contends that Ms. Kelly was asked the basis upon which she contends there is patent infringement as to any of the accused products and (b) Ms. Kelly's responses to such questions; and (2) why Defendant contends Ms. Kelly's responses were not adequate or that trial evidence should be limited to what was testified to at the deposition.

On or before February 24, 2025, Plaintiffs may file a response as to any portions of the transcript cited by Defendant and any other portions of the transcript that Plaintiffs contend would provide answers by Ms. Kelly as to why there was patent infringement.

Further, to the extent Plaintiffs requested permission to brief the issue of introducing evidence of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-02360 JAK (RAOx) | Date | February 10, 2025 |
|---|---|---|---|
| Title | Suzette Kelly v. Fashion Nova, LLC. | | |

reasonably royalty rates they may do so as follows: On or before February 18, 2025, Plaintiffs shall file a brief limited to whether Plaintiffs may be permitted to introduce evidence of a reasonable royalty rate at trial when no evidence or calculation of such has been disclosed. Defendant may file a response to Plaintiffs' brief limited to the issues raised, on or before February 24, 2025.

**STATUS CONFERENCE**.
A Status Conference is set for March 24, 2025, at 11:30 am, with the precise time to be determined once the calendar issues for that date. Counsel are permitted to appear by Zoom; provided they inform the Courtroom Deputy of their intention to do so by email. On or before March 18, 2025, the parties shall file a joint report with their respective positions on a new trial date.

**SETTLEMENT**.
The Court inquires whether settlement efforts at this time would be productive. Should the parties determine that mediation with a bench officer or private mediator would be productive, they shall file a notice indicating their interest in further mediation on or before February 24, 2025. Any such notice shall include identification of which bench officer, if any, the parties would like to conduct a mediation.

**IT IS SO ORDERED.**

|  | 2 | : | 12 |
|---|---|---|---|
| Initials of Preparer | DT | | |