UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-02360 JAK (RAOx) | Date | April 8, 2025 |
| Title | Suzette Kelly v. Fashion Nova, Inc. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |

| Daniel Torrez | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:**  ORDER RE DEFENDANT'S MOTIONS IN LIMINE NOS. 1, 2 & 3 (DKTS. 222, 226, 227)

During the February 10, 2025 Final Pretrial Conference, rulings on certain issues raised in Defendant's Motions in Limine Nos. 1, 2 and 3 were deferred pending supplemental briefing. *See* Dkt. 299 (the "FPTC Order"). Those deferred issues presented in Defendant's Motions in Limine on which a ruling was deferred are now addressed in this Order.

Defendant's Motion in Limine No. 1 to Exclude Evidence and Argument Regarding Accused Jeans That Were Excluded by Virtue of the March 10, 2023 Order and Agreed Discovery Process Therein (Dkt. 222): In the FPTC Order, a ruling on whether Plaintiffs will be precluded from offering evidence regarding certain accused infringing jeans was deferred pending review of Ms. Kelly's deposition testimony, and a review of the forthcoming supplemental briefs. Dkt. 299 at 2. Based on a review of the deposition testimony, the supplemental briefs, and arguments made at the March 24, 2025 status conference, the Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

As noted at the February 10, 2025 Final Pretrial Conference, the determinations made at the March 10, 2023 Discovery Hearing did not constitute law of the case as to the scope of the patent. Accordingly, evidence and arguments regarding accused infringing jeans styles shall not be limited to the 10 styles[1] of accused infringing jeans acknowledged by Defendant as a result of the March 10, 2023 Discovery Hearing. However, given that Plaintiffs only intend to seek damages for 20 styles of accused infringing jeans represented in Defendant's financial disclosures (FN00332, FN5926-5927), and to introduce the remaining jeans included in Plaintiffs' Infringement Contentions (Dkt. 230-20) to support a claim of willful infringement, the inquiry has been narrowed. *See* Dkt. 290 at 8. Accordingly, at trial, Plaintiffs may introduce evidence, and present corresponding arguments, as to alleged infringement as to any of the 20 styles of accused infringing jeans for which Plaintiffs intend to seek damages; provided,

---

[1] The 10 styles of jeans Defendant has acknowledged are the: Party Monster Booty Lifter Skinny Jeans; Bubble Butt Jeans; Wash Away Flare Jeans; Caitlin Distressed Flare Jeans; V Nice to Meet You Straight Leg Jeans; You're Too Nice Low Rise Flare Jeans; Finding My Way Low Rise Flare Jeans; Petite V Nice To Meet You Straight Leg Jeans; Tall V Nice To Meet You Straight Leg Jeans; and, Outlaw Embellished Mid Rise Flare Jeans. *See* Dkt. 285 at 5 n.6. Each of these styles are included in Plaintiffs' Infringement Contentions. *See* Dkt. 230-20 at 3–6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-02360 JAK (RAOx) | Date | April 8, 2025 |
| Title | Suzette Kelly v. Fashion Nova, Inc. | | |

however, the evidence is limited to the styles that were included in their Infringement Contentions (Dkt. 230-20).[2]

Plaintiffs' request for leave to introduce evidence of any of the remaining 149 styles of jeans included in the Infringement Contentions to prove the willfulness of Defendant's alleged infringement (*see* Dkt. 290 at 8), is **DENIED IN PART**. Pursuant to Federal Rule of Evidence 403 and case management considerations, the probative value of introducing evidence of more than 100 products for which damages are not being sought is substantially outweighed by the danger of needlessly presenting cumulative evidence, and causing prejudice. Accordingly, Plaintiffs are permitted to introduce 10 exemplars from the 149 styles of jeans included in their Infringement Contentions for the limited purpose of seeking to show willful infringement. A corresponding limiting instruction will be given when that evidence is presented. On or before April 21, 2025, Plaintiffs shall file and serve on Defendant a list of the 10 exemplars Plaintiffs have chosen. With respect to the 10 exemplars, both parties may continue to rely on their expert witnesses to the extent those witnesses do not offer new opinions, but their same opinions as to alleged infringement or non-infringement, if they apply to the 10 exemplars chosen.

Defendant's Motion in Limine No. 2 to Exclude Evidence or Argument Regarding Affirmative Infringement Theories and Plaintiffs' Final Infringement Contentions Pursuant to FRCP 26(a), 26(e), and 37(c)(1) (Dkt. 226): In the FPTC Order, a determination whether Ms. Kelly is precluded from testifying as to affirmative infringement theories was deferred based upon a review of her deposition testimony and the accompanying supplemental briefs. Dkt. 299 at 2. The Motion is **DENIED IN PART** as follows:

Ms. Kelly is not precluded from testifying as to affirmative infringement theories; provided, however, her testimony shall be limited to those theories she disclosed in her deposition testimony.

Defendant's Motion in Limine No. 3 to Preclude Plaintiffs from Introducing any Testimony or Information Regarding Alleged Damages (Dkt. 227): In the FPTC Order, a ruling on whether Plaintiffs would be precluded from offering evidence as to a reasonable royalty rate was deferred pending a review of the parties' supplemental briefing that was then to be submitted, and a ruling on whether FN332 may be introduced as evidence of disgorgement was deferred pending a ruling on Defendant's Motion in Limine No. 1. Dkt. 299 at 2. The Motion is **GRANTED IN PART** to the extent Plaintiffs are precluded from introducing evidence of a reasonable royalty rate at trial, and **DENIED IN PART** to the extent Plaintiffs are permitted to introduce evidence FN332 as evidence of disgorgement; provided, however, Plaintiffs may not seek disgorgement for styles of jeans that were not included in their Infringement Contentions. *See supra* ruling on Defendant's Motion in Limine No. 1.

With respect to the reasonable royalty element, as a threshold matter, that Plaintiffs have not disclosed an expert to testify as to reasonable royalty rates does not *per se* preclude Plaintiffs from introducing

---

[2] Based on information provided at the March 24, 2025 status conference, and a comparison of the 149 styles of jeans included in the Infringement Contentions (Dkt. 230-20) to the seven styles of accused jeans included in the Second Amended Complaint and FN332 (Dkt. 218-1), it appears that at least three styles of jeans Plaintiffs intend to seek damages for were not included in the Infringement Contentions that were served on June 2, 2023. Those three are: Stretch Me Out, Supernatural High Rise Jeans - Dark Wash, and Glistening Jeans - Medium Wash.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-02360 JAK (RAOx) | Date | April 8, 2025 |
|---|---|---|---|
| Title | Suzette Kelly v. Fashion Nova, Inc. | | |

such evidence in support of a claim for damages. *See Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1382 (Fed. Cir. 2003) (35 U.S.C. § 284 "is clear that expert testimony is not necessary to the award of damages."). However, whether Plaintiffs have disclosed any information regarding a reasonable royalty rate remains an issue, and whether Plaintiffs should be precluded from introducing any nondisclosed evidence at trial.

A review of the filings demonstrates that Plaintiffs have not complied with Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), "a party must, without awaiting a discovery request, provide to the other parties"

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials based on the nature and extent of the injuries suffered.

In support of their argument that they should be permitted to present evidence of a reasonable royalty rate at trial, Plaintiffs argue that they have made sufficient disclosures by identifying that they seek reasonable royalties in the operative complaint and by stating that they "will seek reimbursement of all costs and expenses, including reasonable attorney's fees, incurred as a result of this action and including all available statutory damages and/or remedies" in their initial disclosures. *See* Dkt. 281 at 3 (quoting Dkt. 128-25 at 6). Further, Plaintiffs argue that Ms. Kelly's trial testimony "is relevant to establish the reasonable royalty she would have been willing to agree to at the time infringement began." *Id.* at 5. As noted by other district courts, these kinds of disclosures made by Plaintiffs are insufficient to comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii). For example, in *Brandywine Communications Technologies, LLC v. Cisco Systems, Inc.*, it was determined:

> If a reasonable royalty is claimed, and if the patent plaintiff is going to rely on any of the *Georgia Pacific* factors (as plaintiff here says it will), then the patent plaintiff must list each such asserted *Georgia Pacific* factor and identify all evidence it rely on for that factor, save and only except for such evidence as it could not be reasonably expected to possess (and does not possess) at the outset of the litigation.

No. C-12-01669 WHA, 2012 WL 5504036, at *2 (N.D. Cal. Nov. 13, 2012). *See also Trutek Corp. v. BlueWillow Biologics, Inc.*, No. 21-10312, 2023 WL 6130532, at *11 (E.D. Mich. Sept. 19, 2023) ("[A] plaintiff does not comply with its discovery obligations by merely notifying the defendant that it seeks the usual categories of damages.").

Plaintiffs have not provided any such disclosure, nor have Plaintiffs provided any amount, calculation or theory regarding a reasonable royalty rate. Accordingly, it remains unclear what Plaintiffs would seek to proffer as evidence of a reasonable royalty rate other than testimony from Plaintiff Kelly as to what "she would have been willing to agree to at the time infringement began." Dkt. 281 at 5. The basis for such testimony would needed to have been disclosed. Further, Plaintiffs have not provided any reason why the failure to disclose was "substantially justified or harmless." Fed. R. Civ. P. 37(c). Accordingly, Plaintiffs are precluded from introducing evidence of a reasonable royalty rate at trial.

Plaintiffs' argument that, when a finding is made in favor of the claimant, "even if the plaintiff has no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-02360 JAK (RAOx) | Date | April 8, 2025 |
|---|---|---|---|
| Title | Suzette Kelly v. Fashion Nova, Inc. | | |

evidence to proffer," pursuant to 35 U.S.C. § 284, the district court is required to award damages in an amount no less than the reasonable royalty rate, (*see* Dkt. 281 at 2–3), is unpersuasive as to this issue. In *TecSec, Inc. v. Adobe Inc.*, the Federal Circuit held that § 284 "does not require an award of damages if none are proven that adequately tie a dollar amount to the infringing acts." 978 F.3d 1278, 1291 (Fed. Cir. 2020). Further, a "zero royalty rate" can result "in a case completely lacking any evidence on which to base a damages award." *Id.* (quoting *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1328 n.7 (Fed. Cir. 2014), *overruled on other grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015)). That Plaintiffs' failure to make timely and sufficient disclosures is why such evidence is precluded, does not warrant a different outcome in this case.

**IT IS SO ORDERED.**

                                                                          _____ : _____

Initials of Preparer    DT